## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| NADER SHEHADEH, | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * Civil No. 25-1525-BAH |
| OFFICE OF PERSONAL MANAGEMENT | * |
| (OPM) ET AL., | * |
| Defendants. | * |

\*   \*.   \*.   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### <u>MEMORANDUM OPINION</u>

Plaintiff Nader Shehadeh ("Plaintiff"), proceeding pro se, filed a complaint on May 12, 2025, against the Office of Personnel Management ("OPM") and the U.S. Department of Health and Human Services ("HHS") (collectively "Defendants") challenging his termination from his employment at HHS. ECF 1. He initially brought claims for violation of the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 2301 et seq., and related regulations (count I) and violation of his Fifth Amendment due process rights (count II). *Id.* at 3. Defendants filed a motion to dismiss on September 24, 2025, arguing that the Court lacks jurisdiction under the CSRA, that Plaintiff did not exhaust administrative remedies, and that the due process claim fails on the merits. ECF 16, at 5–10. Plaintiff opposed the motion to dismiss, ECF 18, and Defendants filed a reply, ECF 23. A memorandum of law is attached to the motion, and exhibits are attached to the motion, opposition, and reply.[1] *See* ECFs 16, 18, and 23. Plaintiff also filed a notice of supplemental materials before Defendants filed their reply. ECF 22. The same day Defendants filed their reply,

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

Plaintiff filed a motion for leave to amend the complaint, seeking to add claims under the Administrative Procedure Act ("APA") that he had referenced in his opposition. ECF 25. Defendants did not respond to the motion for leave to amend, but in their reply regarding the motion to dismiss, they argue that "the inclusion of an APA claim would not provide this court with subject matter jurisdiction," and thus amendment would not cure the asserted deficiencies. *See* ECF 23, at 1.

The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Defendants' motion to dismiss is **GRANTED** and Plaintiff's motion for leave to amend is **DENIED**.

## I.   BACKGROUND[2]

Plaintiff is a biologist who was employed by HHS when he was terminated on February 14, 2025, during his probationary period. *See* ECF 1, at 2 ¶¶ 13–14. He has worked there since May 19, 2024. *Id.* ¶ 13. During his tenure, Plaintiff alleges that he received "a 2024 PMAP evaluation score of 4.2 out of 5, indicating exceptional performance," *id.* ¶ 15,[3] that he was awarded "the prestigious NIA Director's Award in 2024, reflecting exceptional service," *id.* ¶ 16,[4]

---

[2] These facts come from the complaint and are assumed to be true at this stage of the case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court has also referenced documents submitted by both parties that are integral to the complaint. The Court may consider "documents attached to the complaint, 'as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019) (quoting *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). The Court notes, however, that its ultimate conclusion does not depend on any of the documents submitted or referenced.

[3] *See* ECF 1-2, at 37–52 (HHS Employee Performance Plan evaluation).

[4] *See* ECF 1-2, at 53 (2024 NIA Director's Award from the Director of the National Institute on Aging).

2

and that he never "received [any] written warnings, performance improvement plans, or other documentation indicating performance deficiencies," *id.* ¶ 17. Notwithstanding these recognitions, he was terminated "with the stated reason being 'performance, knowledge and skill,' as per OPM." *Id.* ¶ 15. "Plaintiff's direct supervisor, Giovanna Fantoni, was unaware of the termination decision and played no role in initiating or approving it." *Id.* ¶ 18. Despite a letter from his supervisor "supporting Plaintiff's retention," "[t]he termination notice contained demonstrably false and contradictory claims, including 'The agency finds that you are not fit for continued employment because your ability, knowledge, and skills do not fit the agency's current needs.'" ECF 1, at 2 ¶¶ 19–20; ECF 1-2, at 33–34 (termination letter dated February 14, 2025, indicating termination effective March 14, 2025); ECF 1-2, at 36 (letter of support from Plaintiff's supervisor).

Plaintiff contends that "[u]pon information and belief, the decision to terminate Plaintiff was made by individuals who had limited or no direct knowledge of Plaintiff's work performance." ECF 1, at 2 ¶ 22. Plaintiff alleges that he "was not provided any meaningful opportunity to respond to performance concerns before termination," *id.* ¶ 21 and that he has "diligently pursued administrative remedies prior to filing this complaint," *id.* at 1 ¶ 7. Specifically, he asserts that on February 20, 2025, he "filed a complaint with the Office of Special Counsel (OSC) regarding his termination." *Id.* ¶ 8.; ECF 1-2, at 1–8 (copy of Plaintiff's OSC complaint). Despite having "initially commenced an investigation into Plaintiff's case, . . . following a leadership change," OSC dismissed his complaint on April 22, 2025, "without addressing its merits." ECF 1, at 1 ¶ 9; ECF 1-2, at 9–27 (emails between Plaintiff and OSC staff between February 24 and April 22, 2025). Plaintiff also "filed an appeal with the Merit Systems Protection Board (MSPB)" on March 10, 2025. ECF 1, at 2 ¶ 10; ECF 1-2, at 28–31 (copy of MSPB appeal). When he filed his complaint in this Court on May 12, 2025, the MSPB had not yet issued a determination on that

3

appeal, which Plaintiff alleges "stem[med] directly from" the MSPB's loss of quorum. ECF 1, at 2 ¶ 11. "Without this quorum, the appeals process remains indefinitely stalled, as the Board is statutorily prohibited from issuing binding determinations on cases like Plaintiff's." *Id.*

Emails Plaintiff attaches to the complaint indicate that he told OSC staff on March 17, 2025, that his "termination was rescinded based on the temporary restraining order from March 13, 2025 and that [he] will remain on paid admin leave until further notice." ECF 1-2, at 20. In their motion to dismiss, Defendants assert that "Plaintiff was reinstated to his position at HHS three days after [his] initial MSPB appeal was filed . . . rendering that appeal moot."[5] ECF 16-1, at 2 n.1. A couple weeks after he filed his complaint, Plaintiff filed a declaration and a copy of a termination letter dated May 8, 2025. *See* ECF 5 and ECF 5-1. Defendants assert that Plaintiff "did not file his MSPB challenge to the May 8 termination until June 6, 2025." ECF 16-1, at 2 n.1 (citing ECF 16-3 (MSPB appeal dated June 6, 2025)); *see also* ECF 16-2 (Plaintiff's SF-50 dated June 5, 2025, indicating a termination date effective May 8, 2025). Plaintiff asserts that he filed a

---

[5] It appears that Plaintiff's reinstatement was pursuant to the preliminary injunction issued by the Northern District of California on March 14, 2025, in *American Federation of Government Employees, AFL-CIO ("AFGE") v. United States Office of Personnel Management*, 770 F. Supp. 3d 1215, 1227 (N.D. Cal. 2025). *See* ECF 18, at 1. A similar challenge to government reductions in force was brought in the District of Maryland, which issued a temporary restraining order around the same time. *See State of Md. v. U.S. Dep't of Agric.*, Civ. No. JKB-25-748, ECF 44 (D. Md. entered Mar. 13, 2025), *also available at* 770 F. Supp. 3d 779 (D. Md. 2025). The injunctions entered in both cases were subsequently stayed pending appeal by appellate courts on April 8 and 9, 2025. *See Maryland v. U.S. Dep't of Agric.*, No. 25-1248, 2025 WL 1073657, at *1 (4th Cir. Apr. 9, 2025) (Fourth Circuit stay of preliminary injunction that superseded the March 13 TRO); *OPM v. AFGE*, 145 S. Ct. 1914 (2025) (order of the Supreme Court staying the injunction pending appeal on standing grounds). In September 2025, the Fourth Circuit ultimately reversed the District of Maryland and vacated the preliminary injunction because the plaintiff states lacked standing to bring the suit. *State of Md. v. U.S. Dep't of Agric.*, 151 F.4th 197, 208 (4th Cir. 2025). The Ninth Circuit case remains pending on the merits after the district court entered final judgment. *See AFGE v. OPM*, Case No. 25-5875 (9th Cir.), Docket Entry 36 (notice of oral argument issued on July 9, 2026, setting oral argument for August 28, 2026).

second MSPB appeal on June 6, 2025, which "remains unresolved." ECF 18, at 3.[6] On June 20, 2025, Plaintiff filed his updated SF-50 dated June 3, 2025.[7] *See* ECF 10, at 2.

On November 6, 2025, Plaintiff submitted a "corrective notice" issued to him by HHS pursuant to an order issued by the Northern District of California in *American Federation of Government Employees v. U.S. Office of Personnel Management*, No. 3:25-cv-1780-WHA. *See* ECF 22. The letter "informs [Plaintiff] that [he was] not terminated on the basis of [his] personal performance." ECF 22-1. HHS "updated [Plaintiff's] personnel file, including [his] SF-50, to reflect that [his] termination was not performance or conduct based." *Id.*

Plaintiff asserts a claim for violation of the CSRA (count I) and for violation of his Fifth Amendment due process rights (count II). ECF 1, at 3. Plaintiff also seeks leave to add a claim under the APA. *See* ECF 25, at 2.

## II.    **LEGAL STANDARDS**

Defendants move to dismiss under Rules 12(b)(1) and 12(b)(6). Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a complaint for a lack of subject matter jurisdiction. "Motions to dismiss for lack of subject matter jurisdiction are properly granted where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)). Federal courts are courts of limited jurisdiction, and the plaintiff bears the burden of

---

[6] Plaintiff refers the Court to Exhibit H, his June 6, 2025 appeal. ECF 18, at 3. However, while labeled accordingly, it appears to be a blank first page of an appeal. *See* ECF 18-10.

[7] This SF-50 cites Executive Order 14,170 and 5 C.F.R. § 11.5(d) as legal authority. *See* ECF 10, at 2. Plaintiff disputes that these authorities permit his termination and that their citation "supports Plaintiff's position that the termination was not based on individualized performance, but rather was part of an improper, politically driven removal effort inconsistent with merit system principles." ECF 10, at 1. Defendants attach to their reply a declaration of Seth Shulman, ECF 23-1, explaining the multiple SF-50s. Because any dispute over the SF-50s does not impact the Court's analysis of its jurisdiction, the Court does not, and need not, consider this evidence.

demonstrating that this Court has the authority to hear the case. *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014). In deciding whether a complaint alleges facts sufficient to support subject matter jurisdiction, the Court assumes the truthfulness of the facts alleged. *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009).

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

The Court liberally construes pleadings by pro se plaintiffs. *See Erickson*, 551 U.S. at 94. That said, "a pro se plaintiff must still prove that subject-matter jurisdiction exists," *Adams v. Royal Park Nursing & Rehab.*, No. 20-cv-634, 2021 WL 4462914, at *3 (W.D.N.C. Sept. 29, 2021), and adhere to federal pleading standards, *see Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015).

## III.    ANALYSIS

Defendants argue that this Court does not have subject matter jurisdiction over Plaintiff's claims under the CSRA. ECF 16-1, at 5–9. More specifically, Defendants argue that Plaintiff is not entitled to review of his termination by the MSPB, *id.* at 7–8, and that even if he were, he did not exhaust the administrative remedies available to him, *id.* at 8–9. Defendants further argue that the CSRA's remedial scheme encompasses Plaintiff's due process claim, but even if it did not, Plaintiff has not stated a claim because Plaintiff does not have a property interested protected by the Due Process Clause. *See id.* at 9–10. Plaintiff opposes, arguing that Defendants' "argument rests on an incomplete and misleading record that is blind to the facts." ECF 18, at 1. He urges the Court to follow the guidance of *AFGE v. OPM*, 799 F. Supp. 3d 967, 984 (N.D. Cal. 2025), and find that OPM did not have the authority to direct his agency to terminate him. *See id.* at 1–2. Plaintiff also argues that the CSRA does not provide a meaningful remedy, so this Court has jurisdiction to review his claim. *Id.* at 3–5. Plaintiff also contends that his termination is the result of improper procedures because the SF-50s provide "post-hoc" justifications and "rel[y] on regulations not yet in effect." *Id.* at 4. Finally, Plaintiff maintains that he has stated a due process claim, arguing that "[e]ven probationers may challenge removals for improper procedures." *Id.* at 5 (citing 5 C.F.R. § 315.806(b)). Defendants respond that Plaintiff's arguments in opposition do not establish this Court's subject matter jurisdiction. *See* ECF 23, at 1–4.

### 1.    The CSRA's Remedial Scheme

"The CSRA 'established a comprehensive system for reviewing personnel action taken against federal employees.'" *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5 (2012) (quoting *United States v. Fausto*, 484 U.S. 439, 455 (1988)). "Congress intended federal employees to bring most work-related grievances to the Merit Systems Protection Board (MSPB) and the Special Counsel—

7

not to federal district court." *Margolin v. Nat'l Ass'n of Immigr. Judges*, 146 S. Ct. 1285, 1287 (2026) (citing *Fausto*, 484 U.S. at 455; *Elgin*, 567 U.S. at 11–12). This "exclusive" "statutory review scheme" applies "even for employees who bring constitutional challenges to federal statutes." *Elgin*, 567 U.S. at 13 (applying *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994)). As such, aggrieved federal employees must pursue their relief through the OSC and/or MSPB and then to the Federal Circuit.[8] *See id.* at 10.

The statute also "treats probationary and non-probationary employees differently," particularly by "grant[ing] probationary employees fewer procedural protections against removal." *Nat'l Treasury Emps. Union v. Fed. Lab. Rels. Auth.*, 737 F.3d 273, 277 (4th Cir. 2013). Federal probationary employees "are not at-will employees, but their employment is far from guaranteed." *State of Md. v. U.S. Dep't of Agric.*, 151 F.4th 197, 204 (4th Cir. 2025). "A federal agency may terminate probationary employees (1) for conditions arising prior to their appointment; (2) for cause; or (3) as part of a reduction in force ('RIF')." *Id.* (citing 5 C.F.R. §§ 315.803(a), 315.805; 5 U.S.C. § 3502); *see also* 8 C.F.R. § 315.804. "For-cause termination requires an individualized determination that the employee's 'work performance or conduct during [the probationary] period fails to demonstrate his fitness or his qualifications for continued employment' after being given a fair shake in the role." *Id.* (quoting 5 C.F.R. § 315.804(a)) (citing *McGuffin v. Soc. Sec. Admin.*,

---

[8] "By contrast, when a federal employee alleges unlawful discrimination prohibited by another federal statute aside from the CSRA—such as race or sex discrimination in violation of Title VII"—he may seek relief in federal district court. *See Zachariasiewicz v. U.S. Dep't of Just.*, 48 F.4th 237, 243 (4th Cir. 2022). There is a hybrid process for "mixed cases," meaning where an employee challenges an adverse action based on alleged conduct prohibited by the CSRA and another anti-discrimination statute. *See id.*; 29 C.F.R. § 1614.302. "If the MSPB denies relief in a mixed case, the employee may seek judicial review of the MSPB's decision in federal district court." *Zachariasiewicz*, 48 F.4th at 237 (citing *Kloeckner v. Solis*, 568 U.S. 41, 50 (2012); 5 U.S.C. § 7703(b)(2)). This case is not a "mixed" case as Plaintiff challenges his termination only on the grounds that his termination violated the CSRA and due process based on his property interest in his job. *See* ECF 1, at 3–4 ¶¶ 23–34.

942 F.3d 1099, 1102 (Fed. Cir. 2019); *Younies v. Merit Sys. Prot. Bd.*, 662 F.3d 1215, 1219 (Fed. Cir. 2011)).

"Federal employees may contest the validity of their terminations under the [CSRA] in an administrative tribunal known as the [MSPB]" and then "may appeal an adverse decision of the MSPB to the United States Court of Appeals for the Federal Circuit, which generally has exclusive jurisdiction." *State of Md.*, 151 F.4th at 205 (citing 5 U.S.C. § 7703(b)). Probationary employees, however, have limited grounds on which they may challenge their terminations with the MSPB. *See Fausto*, 484 U.S. at 450 (citing 5 U.S.C. § 4303(f)(2) and § 7511(a)(1)(A), which expressly preclude probationary employees from the definition of "employees" covered by those chapters of the CSRA). "Probationary employees may only challenge terminations for 'improper procedure' or discrimination based on 'partisan political reasons or marital status.'" *State of Md.*, 151 F.4th at 205 (citing 5 C.F.R. § 315.806); *see also Varney v. Merit Sys. Prot. Bd.*, 112 F. App'x 748, 750 (Fed. Cir. 2004) (confirming that these are the only bases that give the MSPB jurisdiction over a probationary employee's challenge to their termination).

Probationary employees must otherwise rely on the Office of Special Counsel, which is charged with the investigation of "any allegation of a prohibited personnel practice" and may pursue "corrective action" if warranted. 5 U.S.C. § 1214(a)(1)(A), (a)(3). "Prohibited personnel practices run a wide gamut, from retaliation against whistleblowers to violations of constitutional rights." *Joslin v. U.S. Dep't of the Int.*, No. 1:26-CV-02029 JLT FJS, 2026 WL 1707794, at *3 (E.D. Cal. June 12, 2026) (citing 5 U.S.C. §§ 2301(b)(2), 2302(b)(9), 2302(b)(12)).[9]

---

[9] The Eastern District of California has provided a comprehensive explanation of the OSC process:

> [The OSC] normally has 240 days to decide whether "there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken." *Id.* § 1214(b)(2)(A)(i). If there are, then the OSC must report that

2.    This Court Lacks Subject Matter Jurisdiction.

Plaintiff's argument that the CSRA does not preclude district court review because the statute does not provide a meaningful avenue for relief is unavailing. His argument is essentially that delay in the MSPB process renders the CSRA's scheme effectively nonfunctional. *See* ECF

---

determination to the MSPB, to "the agency involved," and to the Office of Personnel Management, along with any "recommendations for corrective action to be taken." *Id.* § 1214(b)(2)(B). The OSC can also ask the MSPB to stay a prohibited practice in the interim. *See id.* §§ 1212(a)(2)(A), 1214(b)(1)(A)(i).

After the OSC makes its report, the CSRA gives the agency "a reasonable period of time" to "correct the prohibited personnel practice." *Id.* § 1214(b)(2)(C), (D). If it does not, then the OSC can file a petition with the MSPB, which must receive any "oral or written comments by the Special Counsel, the agency involved, and the Office of Personnel Management" and any "written comments by any individual who alleges to the subject of the prohibited personnel practice." *Id.* § 1214(b)(E)(3). The MSPB can order the agency to take corrective action if it finds that there has been a prohibited personnel practice. *See id.* § 1214(b)(2)(D), (b)(3), (g). If, on the other hand, the MSPB decides there was no prohibited practice, the employee can seek judicial review, normally in the Federal Circuit. *See id.* §§ 1214(c)(1); 7703(b)(1)(A).

By contrast, if the OSC's investigation leads it to conclude that there has not been a prohibited practice, then the case takes a different course, and the employee has more limited options. The OSC can terminate an investigation, but in general, it must send "proposed findings of fact and legal conclusions" to the employee beforehand, and the employee can send "written comments" back to the OSC. *Id.* § 1214(a)(1)(D); *but see id.* § 1214(a)(6). After the OSC terminates an investigation, it must normally give notice that it has done so, summarize the "relevant facts," explain "the reasons for terminating the investigation," and respond to any written comments from the employee. *Id.* § 1214(a)(2). In some limited circumstances—such as in cases of alleged retaliation against whistleblowers or against employees who have refused to follow illegal orders—the employee may then "seek corrective action" from the MSPB directly, and then from a court, again usually in the Federal Circuit. *See id.* § 1214(a)(3) (citing *id.* § 2302(b)(8), (b)(9)(A)(i), and (b)(9)(B)–(D)). But in most circumstances, the end of the investigation is the end of the process as a whole. In this way, the OSC's discretionary decision could be thought of as a filter or a gate through which an employee's claims must pass before a judge or a court can hear them.

*Joslin*, 2026 WL 1707794, at *3.

18, at 4 ("I never received any MSPB decision at all. Defendants' reliance on a hypothetical Federal Circuit appeal is misplaced—jurisdiction cannot rest on a decision that never happened. The absence of any action at all is precisely why APA review lies here: without judicial oversight, unlawful removals could be insulated simply by ensuring MSPB never rules.").

There is perhaps reason to believe a panel of the Fourth Circuit would agree with Plaintiff's argument concerning the MSPB's nonfunctionality. In a now-reversed decision, the Fourth Circuit had recently noted that "Congress's intent for the CSRA to preclude district court jurisdiction . . . can only be true[ ] when the statute functions as Congress intended." *Nat'l Ass'n of Immigr. Judges v. Owen*, 139 F.4th 293, 305 (4th Cir. 2025), *rev'd sub nom. Margolin*, 146 S. Ct. 1285. It remanded a First Amendment challenge by a group of immigration judges back to the district court to consider "whether the CSRA's adjudicatory scheme continues to function as intended" in light of the "removals [of OSC and MSPB officials] and the lack of quorum in the MSPB." *Id.* The Supreme Court reversed, however, finding that the "[t]he Fourth Circuit violated the party-presentation principle" as no party had raised the lack-of-quorum argument that served as the basis for the Fourth Circuit's decision. *Margolin*, 146 S. Ct. at 1288.

Further, between the Fourth Circuit's decision and the Supreme Court's reversal in *Margolin*, a sister court had found it lacked subject matter jurisdiction over a challenge similar to the one here, noting that "the MSPB no longer lacks a quorum because the Senate confirmed a new member." *Thornock v. IRS*, No. 3:25CV134, 2026 WL 937931, at *4 (E.D. Va. Apr. 7, 2026) (citing 171 Cong. Rec. S6992 (daily ed. Oct. 7, 2025)). Though understandably frustrating, that Plaintiff has not received a decision from either the OSC or MSPB since he filed his appeals a year ago does not relieve him of the CSRA's remedial scheme or excuse him of its exhaustion requirements. *See Thornock*, 2026 WL 937931, at *4 (finding no subject matter jurisdiction

11

because "the plaintiff 'has not alleged, nor does the record suggest, that the CSRA review scheme is unavailable or nonfunctional here' (quoting *Williams v. OPM*, No. 4:24cv6404, 2026 WL 125555, at *4 (D.S.C. Jan. 16, 2026)); *Jindal v. Austin*, Civ. No. PWG-21-884, 2022 WL 684130, at *4 (D. Md. Mar. 8, 2022) (dismissing complaint for lack of exhaustion and lack of subject matter jurisdiction where plaintiff argued the MSPB had "effectively stayed [his] case indefinitely"); *Joslin*, 2026 WL 1707794, at *6 (noting that "even if the OSC process fell short of ensuring a meaningful opportunity for judicial review of a constitutional claim, the better course would be to entertain a judicial complaint only after the OSC process had run its full course, not before," and that plaintiff's claim "would likely be premature if it were not precluded entirely"). The Supreme Court has emphasized "that 'the expense and disruption' of 'protracted adjudicatory proceedings' on a claim do not justify immediate review." *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 192 (2023) (quoting *FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980)). "[T]he CSRA provides review in the Federal Circuit, an Article III court fully competent" to review Plaintiff's claims. *Elgin*, 567 U.S. at 17.

To the extent Plaintiff asks the Court to adopt the Northern District of California's rationale in *AFGE* v. *OPM* and find that it does have subject matter jurisdiction because the remedial scheme of the CSRA is not functional, *see* ECF 18, at 2–3, that case is distinguishable. That decision rested in part on the MSPB's lack of quorum, *see AFGE*, 799 F. Supp. 3d at 986, which has since been cured, *see Thornock*, 2026 WL 937931, at *4. And, as Defendants point out, that case was brought by a union—not a single employee. ECF 23, at 2–3. As the Fourth Circuit recently reiterated in a similar challenge brought by a group of states: "Indeed, the CSRA scheme explains why not a single individual employee is herself a plaintiff in this case." *State of Md.*, 151 F.4th at 215. Here, where Plaintiff is a single individual employee challenging his termination, he is bound

by the CSRA, which precludes review in this Court. *See Thornock*, 2026 WL 937931, at \*4; *Joslin*, 2026 WL 1707794, at \*7; *Milleville v. Kennedy*, Civ. No. GLR-25-1245, 2025 WL 2211813, at \*3 (D. Md. Aug. 4, 2025) (dismissing challenge to termination as a result of a RIF for lack of subject matter jurisdiction and failure to exhaust); *cf. Jones v. Cao*, No. 1:25-CV-01708-MSN-WBP, 2026 WL 1864701, at \*5 (E.D. Va. June 29, 2026) ("Plaintiff's claims [ ] all challenge whether he was properly removed for cause as a probationary employee and/or whether he received proper notice of non-adverse actions that occurred after his termination. These claims fall squarely among those that are precluded by the CSRA, divesting this Court of jurisdiction.").

"Congress can [ ] impliedly preclude jurisdiction by creating a statutory scheme of administrative adjudication and delayed judicial review in a particular court." *Bennett v. SEC*, 844 F.3d 174, 178 (4th Cir. 2016) (citing *Thunder Basin*, 510 U.S. at 207). That is the situation here. "[T]he CSRA does not foreclose all judicial review of [Plaintiff's claims, including his] constitutional claim[], but merely directs that judicial review shall occur in the Federal Circuit." *Elgin*, 567 U.S. at 10. Plaintiff's challenge to his termination is governed by the CSRA, which precludes review in this Court. The complaint must therefore be dismissed for lack of subject matter jurisdiction. As this conclusion would not change had Plaintiff been permitted to bring an APA claim, his motion for leave to amend will be denied. Because the CSRA also covers Plaintiff's constitutional claim, *Elgin*, 567 U.S. at 12, the Court need not consider Defendants' 12(b)(6) argument.

## IV.    **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is granted and Plaintiff's motion for leave to amend is denied. A separate implementing order will issue.

Dated: July 27, 2026

/s/
Brendan A. Hurson
United States District Judge

13